13-1089-cv
*Chick v. County of Suffolk, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand thirteen.

PRESENT:

ROBERT D. SACK,
PETER W. HALL,
DEBRA ANN LIVINGSTON,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JEFFREY CHICK,

    *Plaintiff-Appellant,*

    -v.-                                                    No. 13-1089-cv

COUNTY OF SUFFOLK, SUFFOLK COUNTY DEPARTMENT OF PUBLIC WORKS, LOUIS CALDERONE, Deputy Commissioner, GEORGE SCHMIDT, Director, Department of Public Works, KEVIN SPENCE, Assistant Director, Department of Public Works, MARK PATRIZO, Custodial Worker, JAMES MORRERO, Custodial Worker,

    *Defendants-Appellees,*

AME UNION, DANIEL FARRELL, First President, AME,

    *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**                            Andrew J. Schatkin, Jericho, NY.

**FOR APPELLEES:**               John R. Petrowski, Assistant County Attorney, *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jeffrey Chick appeals from the district court's decision granting Defendants-Appellees' motion to dismiss his amended complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's decision dismissing a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). To survive a motion to dismiss, the complaint must plead enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "We are not, however, bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).

The amended complaint alleges claims pursuant to 42 U.S.C. § 1983 for discriminatory discharge and hostile work environment on the basis of Chick's Jewish faith and his purported disability. Section 1983 employment discrimination claims asserted as equal protection violations are evaluated under the same standards as Title VII claims. *See Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004). These claims are also subject to the burden-shifting framework set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *See Sorlucco v. N.Y.C. Police Dep't*, 888 F.2d 4, 7 (2d Cir. 1989). To state a *prima facie* case of discriminatory discharge under Title VII and under the Equal Protection Clause, asserted via Section 1983, "the plaintiff must show (1) that he belongs to a

protected class; (2) that he was performing his duties satisfactorily; (3) that he was discharged; and (4) that his discharge occurred under circumstances giving rise to an inference of discrimination on the basis of his membership in that class." *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994). Claims based on a hostile work environment require the plaintiff to plead facts that demonstrate "(1) that [his] workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [his] work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) (alterations in original; internal quotation marks omitted). Additionally, "[f]or racist comments, slurs and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of racial enmity, meaning that [i]nstead of sporadic slurs, there must be a steady barrage of opprobrious racial comments." *Id.* (citation and internal quotation marks omitted).

In his amended complaint, Chick alleges that in 2002 Defendant Morrero told him to shut up and called him a "Ju-Ju Bee." Chick further claims that on another unspecified occasion, when he requested to go on vacation, his supervisor, Defendant Patrizo, responded "Ju wants to go on vacation." Chick also alleges that "he was the severe object of [r]eligious [d]iscrimination based on his Jewish faith and was singled out for discrimination, unfair treatment, harassment and his eventual termination based on his Jewish faith and national origin." These allegations, as the district court correctly determined, are too remote, non-specific and conclusory in nature to state a claim for discriminatory discharge. Similarly, they do not assert that the defendants engaged in behavior rising to the severe and pervasive level necessary to conclude that the environment was hostile or abusive or even perceived as such. *See Schwapp*, 118 F.3d at 110. Additionally, although Chick alleges that he was performing his duties satisfactorily prior to his discharge, the record reflects that he had been suspended for being absent without authorization from his assigned duty area, failing to perform a

3

fair day's work, and falsifying his time records on thirteen separate occasions during the month of June 2009. Moreover, while Defendants provided a legitimate non-discriminatory reason for Chick's discharge, namely that he failed to comply with the mandatory residency requirement, Chick failed to allege that it was a pretext for discrimination, and the record reflects that he knew that his failure to comply with the residency requirement could result in his termination. The district court properly dismissed Chick's religious discrimination and hostile work environment claims.

In dismissing Chick's disability discrimination claim, the district court correctly determined that disability is not a suspect classification under the Equal Protection Clause, *Suffolk Parents of Handicapped Adults v. Wingate*, 101 F.3d 818, 824 n.4 (2d Cir. 1996), *cert denied*, 520 U.S. 1239 (1997), and that a "class of one" does not exist in the public employment context, *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 607 (2008). Moreover, it is well established that the Equal Protection Clause cannot provide a basis for asserting claims for reasonable accommodations. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367-68 (2001). Chick's claim that he was discriminated against based on his alleged disability, therefore, was not cognizable, and the district court was correct in dismissing it.

Finally, Chick contends that he adequately pleaded a claim for municipal liability. A "municipality is responsible if a violation of rights resulted from the 'government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Nagle v. Marron*, 663 F.3d 100, 116 (2d Cir. 2011) (quoting *Monell v. Dep't of Soc. Servs. of City of N. Y.*, 436 U.S. 658, 694 (1978)). Chick's amended complaint, however, is devoid of allegations that the decision to terminate him was based on a county policy or custom of discrimination against people of the Jewish faith or against disabled individuals. Nor does the amended complaint allege actions on the part of the individual defendants establishing a municipal policy or custom that would serve as the basis for a Section 1983 claim against the municipality.

We have considered Chick's remaining arguments and find them to be without merit.

4

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court