[26 NYS3d 579]

In the Matter of IRVING SINGER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 9, 2016

### APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Ian P. Barry* of counsel), for petitioner.
*Edward Galison, P.C.*, Mineola, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated December 12, 2013, containing eight charges of professional misconduct, arising from clients' complaints that the respondent had neglected their matters. After a preliminary conference on August 21, 2014, and a hearing on April 6, 2015, the Special Referee issued a report that sustained charges two through six, and did not sustain charges one, seven and eight. The petitioner now moves (1) to confirm the report of the Special Referee insofar as it did not sustain charge one and sustained charges two through six, (2) to disaffirm the report of the Special Referee insofar as it did not sustain charges seven and eight, and (3) to impose such discipline upon the respondent as this Court deems just and proper. The respondent cross-moves (1) to confirm the report of the Special Referee insofar as it did not sustain charges one, seven and eight, and (2) to disaffirm the report of the Special Referee insofar as it sustained charges two through six. The respondent requests that the Court neither suspend nor disbar him. We find that the Special Referee properly sustained charges two through six, and properly declined to sustain charge one. However, we find that the Special Referee improperly declined to sustain charges seven and eight, and that charges seven and eight should have been sustained, based upon the evidence adduced and the respondent's admissions.

## The Petition

Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice, by failing to respond to the legitimate inquiries of the petitioner, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). By letter dated February 3, 2012, sent via first-class mail to the respondent's address then on file with the Office of Court Administration, the petitioner requested the respondent's written answer to a complaint filed by Ada Lopez. The respondent failed to respond.

By letter dated March 2, 2012, sent to the respondent via certified mail, return receipt requested, the petitioner again requested the respondent's written answer to the complaint of Lopez. Postal records show that the March 2, 2012 letter was delivered to the respondent's address on March 5, 2012. The respondent failed to respond.

A third request for the respondent's answer was made by the petitioner by letter dated March 19, 2012, sent via certified mail, return receipt requested. According to postal records, this letter was delivered to the respondent's address on March 20, 2012. The respondent thereafter mailed the petitioner a completed background questionnaire, together with certain documents relating to Lopez's matter, but without a written answer to the complaint.

By letter dated February 6, 2013, the petitioner requested the respondent to provide a detailed answer to the allegations contained in Lopez's complaint. The respondent failed to reply to the letter.

The petitioner subsequently hand-delivered a letter, dated May 22, 2013, to the respondent requesting that the respondent contact the petitioner to arrange for his appearance for an examination under oath at the petitioner's office. The respondent failed to contact the petitioner.

Based upon the factual specifications of charge two, charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge four alleges that the respondent neglected a legal matter entrusted to him in violation of rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about January 2011, James McCoy retained the respondent to recover a

$25,000 investment that McCoy had made in a New York City apartment.

On or about May 16, 2011, the respondent commenced an action to recover McCoy's investment, by service of a summons and complaint. The respondent named the wrong party as the defendant in the action, and caused the summons and complaint to be served on the wrong party. Nevertheless, counsel for the actual defendant contacted the respondent, and agreed to accept service of the summons and complaint. The respondent received a verified answer on or about May 15, 2012. In the interim, the respondent never filed a motion for a default judgment. According to the respondent, he "intended" to draft interrogatories, and provide them to the defendant's counsel, following receipt of the verified answer. However, the respondent never did any further work on McCoy's matter.

Charge five alleges that the respondent engaged in conduct that is prejudicial to the administration of justice by failing to respond to the legitimate inquiries of the Nassau County Bar Association, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). By letter dated February 1, 2013, the Grievance Committee referred McCoy's complaint to the Nassau County Bar Association Mediation Program (hereinafter NCBA Mediation Program), pursuant to 22 NYCRR part 1220.

On or about February 20, 2013, the NCBA Mediation Program coordinator mailed a letter to the respondent, via regular mail, directing him to comply with the procedures for mediation. The respondent failed to respond or otherwise comply with the mediation program requirements.

By letter dated March 27, 2013, sent via certified mail, return receipt requested, the NCBA Mediation Program coordinator once again directed the respondent to comply with the procedures for mediation. The respondent failed to respond or otherwise comply with the mediation program requirements.

Based upon the facts specified in charges four and five, charge six alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Charge seven alleges that the respondent neglected a legal matter entrusted to him, in violation of rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about January 2004, Rufus Smith, Jr., retained the respondent to com-

mence divorce proceedings on his behalf. In or about April 2011, the parties entered into a so-ordered stipulation settling the divorce action. Pursuant to the stipulation, the respondent took possession of a $20,000 check from Smith, payable to Smith's ex-wife. However, the respondent "lost" the check, as well as the rest of Smith's file, which contained all the original documents. As a result, Smith's divorce action was never finalized, as the respondent was unable to file the necessary original paperwork with the Nassau County Clerk.

Based upon the facts specified in charge seven, charge eight alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained charges two through six, but improperly declined to sustain charges seven and eight. Accordingly, the petitioner's motion to confirm the Special Referee's report in part, and disaffirm in part, is granted. The respondent's cross motion is granted to the extent that it seeks to confirm so much of the report of the Special Referee as did not sustain charge one, and is otherwise denied.

The respondent has an extensive prior disciplinary history, including six letters of caution and eight admonitions, which, among other things, reflect his repeated failures to devote the proper diligence to his clients' legal matters, as well as to promptly respond to inquiries by the Grievance Committee.

In mitigation, the respondent asks this Court to consider that he addressed his clients' complaints at his examination under oath before the Grievance Committee; there are no allegations that he acted criminally, dishonestly, or lost any client's money or property; he has been practicing law for 50 years in a "storefront type of practice" representing a "poor class of clientele"; and that his failure to cooperate with the petitioner constituted "stupidity" rather than "dishonesty."

The respondent's neglect of client matters and failure to timely respond to Grievance Committee inquiries is longstanding, for which he was repeatedly cautioned and admonished in the past. Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of one year in view of his extensive disciplinary history, which we consider to be an aggravating factor.

ENG, P.J., MASTRO, RIVERA, DILLON and HINDS-RADIX, JJ., concur.

Ordered that the petitioner's motion to confirm in part, and disaffirm in part, the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent that it seeks to confirm so much of the report of the Special Referee as fails to sustain charge one, and is otherwise denied; and it is further,

Ordered that the respondent, Irving Singer, is suspended from the practice of law for a period of one year, commencing April 11, 2016, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 11, 2016. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Irving Singer, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Irving Singer, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).