[50 NYS3d 442]

In the Matter of ANDREW JAMES SCHATKIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 29, 2017

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*McDonough & McDonough, LLP*, Garden City (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter petitioner), served the respondent with a petition containing 12 charges of professional misconduct. After a prehearing conference held on April 27, 2016, and a hearing held on June 14, 2016, the Special Referee sustained all charges in a report dated July 12, 2016. The petitioner now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as the Court deems appropriate. In response, the respondent's counsel raises no objection to the petitioner's motion to confirm the report of the Special Referee to the extent that it sustained the charges, and he requests that the Court issue a public censure, or, in the alternative, a "brief suspension."

The 12 charges in the petition contain 169 factual specifications, which stem from six client matters. The petition alleges that for each client matter, the respondent engaged in conduct that is prejudicial to the administration of justice (charges 1, 3, 5, 7, 9 and 11), and failed to provide competent representation to his client (charges 2, 4, 6, 8, 10 and 12), in violation of rules 8.4 (d) and 1.1 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. By answer dated February 26, 2016, the respondent admitted nearly all of the factual allegations underlying the charges. At the prehearing conference held on April 27, 2016, three of the petition's factual specifications were amended, without objection. The respondent subsequently admitted all of the factual allegations at the hearing on June 14, 2016. Based upon the respondent's admissions, what follows are the undisputed facts in connection with the respondent's conduct in the six client matters.

Client Michael O'Leary - Charges 1 and 2

In 2012, the respondent represented Michael O'Leary in an action against the City of New York, among others, in the

United States District Court for the Eastern District of New York. Although the respondent was served by the defendants with a notice of deposition with respect to his client, he failed to request an adjournment and failed to appear for the deposition on April 17, 2012. By order dated May 18, 2012, the District Court found that the respondent had "willfully failed to appear with plaintiff for a duly noticed deposition on 4/17/12 or to request an adjournment," and that his "conduct was unjustified and in violation of his discovery obligations." Further, the District Court found that the respondent's "failure to appear or to provide timely notice of his objection to the deposition caused defendants' counsel to waste valuable time." In view thereof, the District Court imposed two sanctions upon the respondent, one in the sum of $75 to reimburse the defendants for fees incurred as a result of the "busted deposition," and the other in the sum of $500 to compensate the defendants for the "time defendants' counsel expended in connection with the failed deposition and in seeking sanctions."

By letter dated May 28, 2012, the respondent applied for reconsideration, reargument and/or renewal. By order dated July 17, 2012, the District Court denied the respondent's application, finding that "there was no justification for failing to appear for a scheduled deposition without notice to his adversary. Instead of filing a motion to quash or seeking other intervention from the court, [respondent] simply chose not to appear at the deposition. . . . Such behavior is unacceptable."

By memorandum and order dated April 10, 2013, and judgment dated April 11, 2013 (*O'Leary v City of New York*, 938 F Supp 2d 410 [ED NY 2013]), the District Court granted the defendants' motion for summary judgment, and dismissed Mr. O'Leary's case with prejudice.

The respondent filed a notice of appeal dated May 7, 2013, but failed to timely pay the required filing fee, and failed to timely file the required appellant's acknowledgment and appearance form. By order dated May 30, 2013, the United States Court of Appeals for the Second Circuit deemed the case to be in default, and ordered the appeal to be dismissed effective June 13, 2013, unless by that date the filing fee was paid in full or Mr. O'Leary moved for poor person status. The respondent failed to timely pay the filing fee, but paid it on June 14, 2013. By order entered June 14, 2013, the Second Circuit dismissed the appeal based on the respondent's failure to pay the filing fee on or before June 13, 2013.

By motion filed June 19, 2013, the respondent requested additional time to perfect the appeal. By notice of defective filing dated June 20, 2013, the Second Circuit advised the respondent that his motion was defective in that a motion to reinstate the appeal was required. The respondent was given until June 24, 2013, to cure the defect and resubmit the motion. On or about June 22, 2013, the respondent requested an extension to perfect the appeal. By order dated July 8, 2013, the Second Circuit reinstated the appeal. By separate order, also dated July 8, 2013, the Second Circuit deemed the case to be in default, and ordered the appeal to be dismissed effective July 22, 2013, unless by that date the appellant's acknowledgment and appearance form was filed.

On or about July 8, 2013, based on his client's wish, the respondent moved to withdraw the appeal, which motion the Second Circuit granted by order dated July 15, 2013.

Client John Q. Gilbert - Charges 3 and 4

In 2014, the respondent represented John Q. Gilbert in an action against North American Airlines, among others, in the United States District Court for the Eastern District of New York. By memorandum and order dated March 26, 2014 (*Gilbert v North Am. Airlines*, 2014 WL 1271057, 2014 US Dist LEXIS 42076 [ED NY, Mar. 26, 2014, No. 12-CV-523 (KAM/JMA)]), and judgment dated March 27, 2014, the District Court dismissed Mr. Gilbert's complaint with prejudice. The respondent filed a notice of appeal dated "May 7, 2013 [sic]." The respondent failed to timely file the required civil appeal pre-argument statement, form C, and the civil appeal transcript information, form D, as required by the rules and procedures of the Second Circuit.

By letter to Mr. Gilbert dated May 20, 2014, the respondent confirmed Mr. Gilbert's decision not to perfect the appeal, and advised him that he would proceed to file a motion to withdraw the appeal. The respondent failed to withdraw the appeal.

By order dated June 10, 2014, the Second Circuit deemed the case to be in default, and ordered the appeal to be dismissed effective June 24, 2014, unless by that date forms C and D were filed. The respondent failed to file forms C and D. By order entered June 27, 2014, and mandate issued on July 14, 2014, the appeal was dismissed.

Client Fowla Ahmed - Charges 5 and 6

In 2012, the respondent represented Fowla Ahmed in an action against Gateway Group One, in the United States District

Court for the Eastern District of New York. By memorandum decision and order dated May 31, 2012 (*Ahmed v Gateway Group One*, 2012 WL 1980386, 2012 US Dist LEXIS 76528 [ED NY, May 31, 2012, No. 12 Civ 0524 (BMC)]), the District Court dismissed the case. By memorandum decision and order dated June 7, 2012 (*Ahmed v Gateway Group One*, 2012 WL 2061601, 2012 US Dist LEXIS 79386 [ED NY, June 7, 2012, No. 12 Civ 0524 (BMC)]), the District Court imposed a $1,000 sanction against the respondent for commencing a "meritless" action.

The respondent filed a notice of appeal dated June 28, 2012, but failed to timely pay the required filing fee. By order dated June 29, 2012 (*Ahmed v Gateway Group One*, 2012 WL 8020600 [ED NY, June 29, 2012, No. 12 Civ 0524 (BMC)]), the District Court directed the respondent to pay the defendants $4,059.06 in fees and costs by July 7, 2012, and to file a letter confirming his payment with the District Court. The respondent filed a notice of appeal dated July 5, 2012. He did not make the payment directed by the District Court. By order dated July 11, 2012, the District Court found that the respondent had failed to comply with the order dated June 29, 2012. On or about July 12, 2012, the District Court entered a judgment against the respondent in the amount of $4,059.06.

By order dated July 13, 2012, the Second Circuit deemed the case to be in default, and ordered the appeal to be dismissed effective July 27, 2012, unless by that date the filing fee was paid in full or Ms. Ahmed moved for poor person status. On July 16, 2012, the respondent paid the filing fee. On July 24, 2012, the respondent filed a notice of appeal and other forms required by the court.

Thereafter, the respondent failed to timely file a scheduling notification, as required by Second Circuit Local Rule 31.2 (a) (1) (A). By order dated October 16, 2012, the Second Circuit ordered Ms. Ahmed to file a brief on or before November 26, 2012, and further ordered the appeal to be dismissed effective November 26, 2012, if Ms. Ahmed failed to file the brief.

On or about November 21, 2012, the respondent requested a six-week extension to file Ms. Ahmed's brief and joint appendix; that request was opposed by the defendants. By order dated December 7, 2012, the Second Circuit denied the respondent's application, but granted the respondent a "grace period" until December 14, 2012. The respondent failed to file Ms. Ahmed's brief. By order dated December 20, 2012, and mandate issued January 4, 2013, the appeal was dismissed.

Client Jeffrey Chick - Charges 7 and 8

In June 2011, the respondent represented Jeffrey Chick in an action against the County of Suffolk, among others, in the United States District Court for the Eastern District of New York. By order dated May 31, 2012, the District Court dismissed the complaint for failure to state a claim, "without prejudice to plaintiff's right to file an amended complaint within (30) days." The respondent failed to timely file the amended complaint, but did so on July 4, 2012. By memorandum and order dated February 22, 2013 (*Chick v County of Suffolk*, 2013 WL 685661, 2013 US Dist LEXIS 25521 [ED NY, Feb. 22, 2013, No. CV 11-2855 (LDW) (WDW)]), and judgment dated March 1, 2013, the District Court dismissed the amended complaint, with prejudice, for failure to state a claim.

The respondent filed a notice of appeal dated March 20, 2013, but failed to timely pay the required filing fee, and failed to timely file forms C and D as required. By order dated March 26, 2013, the Second Circuit deemed the case to be in default, and dismissed the appeal effective April 9, 2013, unless by that date the filing fee was paid in full or Mr. Chick moved for poor person status. On April 12, 2013, the respondent paid the filing fee.

By order dated April 17, 2013, the Second Circuit deemed the case to be in default, and ordered the appeal to be dismissed effective May 1, 2013, unless by that date forms C and D were filed. On May 3, 2013, forms C and D were filed.

By notice of defective filing dated May 7, 2013, the Second Circuit advised the respondent that form C did not comply with the Second Circuit Local Rules, and directed him to cure the defect and resubmit no later than May 9, 2013. The respondent failed to timely cure the defect in form C, but resubmitted forms C and D on May 13, 2013.

By order dated May 14, 2013, the Second Circuit found that the defect in form C had not been cured, and ordered form C to be stricken from the docket. On June 19, 2013, the respondent filed Mr. Chick's brief. By order dated December 6, 2013 (*Chick v County of Suffolk*, 546 Fed Appx 58 [2d Cir 2013]) and mandate issued January 22, 2014, the Second Circuit affirmed the judgment of the District Court dismissing the amended complaint.

Client Kenneth Steven Tucker - Charges 9 and 10

In January 2013, the respondent represented Kenneth Steven Tucker in an action against a defendant named Mahon in

the United States District Court for the Southern District of New York. By memorandum and order dated January 4, 2013, the District Court dismissed the action as time-barred.

A notice of appeal dated January 30, 2013, was filed, but the respondent failed to timely file forms C and D as required. By order dated March 7, 2013, the Second Circuit deemed the case to be in default, and ordered the appeal to be dismissed effective March 21, 2013, unless by that date forms C and D were filed. On March 21, 2013, the respondent filed forms C and D, and submitted a motion for leave to appeal. By notice of defective filing dated March 22, 2013, the respondent was advised that the motion for leave to appeal did not comply with the Federal Rules of Appellate Procedure and the Second Circuit Local Rules, and directed him to cure the defects and resubmit the motion no later than March 25, 2013. By order dated March 28, 2013, the Second Circuit found that the respondent had failed to cure the defect in the motion for leave to appeal, despite due notice, and the motion for leave to appeal was stricken from the docket.

On May 7, 2013, the respondent filed Mr. Tucker's brief. By notice of defective filing dated May 10, 2013, the Second Circuit advised the respondent that the brief failed to comply with the Federal Rules of Appellate Procedure and the Second Circuit Local Rules, and directed the respondent to cure the defect no later than May 13, 2013. The respondent submitted a corrected brief on May 13, 2013. By notice of defective filing dated May 14, 2013, the Second Circuit advised the respondent that the corrected brief failed to comply with the Federal Rules of Appellate Procedure and the Second Circuit Local Rules, and directed the respondent to cure the defect no later than May 16, 2013. The respondent failed to timely cure the defect, but filed a second corrected brief on May 20, 2013.

By order dated October 31, 2013, and mandate issued November 21, 2013, the Second Circuit affirmed the memorandum and order of the District Court dismissing the action as time barred.

Client Ray Castellanos - Charges 11 and 12

In 2012, the respondent represented Ray Castellanos in an action against Montefiore Medical Center in the United States District Court for the Southern District of New York. By memorandum and order dated September 27, 2012, and judgment dated September 27, 2012 (*Castellanos v Montefiore Med. Ctr.*, 2012 WL 4471573, 2012 US Dist LEXIS 141820 [SD NY, Sept.

27, 2012, No. 09 Civ 9400 (LAP)]), the District Court dismissed the action.

The respondent filed a notice of appeal dated October 26, 2012, but failed to timely file forms C and D as required. On December 12, 2012, the Second Circuit deemed the case to be in default, and ordered the appeal to be dismissed effective December 26, 2012, unless by that date forms C and D were filed. The respondent filed form D on December 19, 2012, and form C on December 22, 2012. By notice of defective filing dated December 26, 2012, the respondent was advised that forms C and D did not comply with the Second Circuit Local Rules, and directed to cure the defects and resubmit forms C and D no later than December 28, 2012. On December 31, 2012, the respondent resubmitted forms C and D, however, form C remained defective. By notice of defective filing dated January 3, 2013, the Second Circuit advised the respondent that the resubmitted form C did not comply with the Federal Rules of Appellate Procedure or the Second Circuit Local Rules, directed him to cure the defect, and resubmit form C no later than January 7, 2013. By order dated February 21, 2013, the Second Circuit found that the respondent failed to cure the defect in form C, and struck the case from the docket.

By motion dated February 25, 2013, the respondent moved to withdraw as counsel for Ray Castellanos; the Second Circuit granted that motion by order dated April 22, 2013.

In a report dated July 12, 2016, the Special Referee sustained all 12 charges. We note that the respondent has been admitted to the practice of law for 39 years and is an experienced practitioner. He admits that, during the relevant period, he knew the rules of the federal courts. The Special Referee found, and we agree, that the respondent engaged in a pattern of misconduct by repeatedly failing to abide by the rules of procedure and orders of the federal courts. In doing so, the respondent's conduct required the federal courts to repeatedly notify him of his lack of compliance, and placed his clients' legal matters at risk. We conclude that the respondent's conduct is prejudicial to the administration of justice, and demonstrates the respondent's lack of competence in representing his clients. In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the petitioner's motion to confirm the findings of the Special Referee is granted.

In determining an appropriate sanction to impose, the respondent seeks consideration of certain medical infirmities

which he claims prevented him from timely attending to the client matters, and has submitted evidence of his good character. Nevertheless, the repeated nature of the respondent's misconduct, and his extensive disciplinary history (seven admonitions and one caution), which includes similar misconduct, are considered to be factors in aggravation, and distinguish this matter from the cases cited by the respondent's counsel in favor of a censure or six-month suspension.

Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of one year (see *Matter of Singer*, 137 AD3d 81 [2016]).

RIVERA, J.P., DILLON, BALKIN, LEVENTHAL and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Andrew James Schatkin, is suspended from the practice of law for a period of one year, commencing April 28, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 30, 2018. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred and suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Andrew James Schatkin, shall promptly comply with the rules governing the conduct of disbarred and suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Andrew James Schatkin, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in rela-

tion thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Andrew James Schatkin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).