Matter of Singer (2020 NY Slip Op 03390)





Matter of Singer


2020 NY Slip Op 03390


Decided on June 17, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOSEPH J. MALTESE, JJ.


2019-10266

[*1]In the Matter of Irving Singer, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Irving Singer, respondent. (Attorney Registration No. 1903905)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 15, 1965. By opinion and order of this Court dated March 9, 2016, in a separate proceeding under Appellate Division Docket No. 2013-11162, this Court, inter alia, suspended the respondent from the practice of law for a period of one year based upon his neglect of client matters, his failure to timely respond to Grievance Committee inquiries, and his extensive prior disciplinary history (see Matter of Singer, 137 AD3d 81). The respondent's motion for leave to reargue, or in the alternative, for leave to appeal to the Court of Appeals from that order was denied by this Court in a decision and order on motion dated July 26, 2016.



Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On August 14, 2019, the Grievance Committee for the Tenth Judicial District personally served the respondent with a notice of petition and a verified petition, both dated July 31, 2019, and thereafter, duly filed those papers with this Court together with an affidavit of service. The verified petition contains four charges of professional misconduct, which allege, inter alia, that the respondent, a suspended attorney, failed to cooperate with the Grievance Committee in its investigation of a complaint of professional misconduct, and failed to re-register as an attorney with the Office of Court Administration for two consecutive registration periods, thereby engaging in conduct prejudicial to the administration of justice and engaging in conduct that adversely reflects on his fitness as a lawyer. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee moves to deem the charges against the respondent established based upon his default, and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served by the Grievance Committee, by mail, upon the respondent on September 19, 2019, he has neither opposed the instant motion nor interposed any other response thereto.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition dated July 31, 2019, are deemed established, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and MALTESE JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated July 31, 2019, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Irving Singer, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Irving Singer, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Irving Singer, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Irving Singer, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court