Matter of Gabay (2020 NY Slip Op 03782)





Matter of Gabay


2020 NY Slip Op 03782


Decided on July 8, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-01854

[*1]In the Matter of David A. Gabay, admitted as David Adam Gabay, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; David A. Gabay, respondent. (Attorney Registration No. 2721744)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced this disciplinary proceeding pursuant to 22 NYCRR 1240.8 by the service and the filing of a notice of petition dated February 2, 2018, and a verified petition dated February 1, 2018, and the respondent served and filed a verified answer dated February 20, 2018. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated May 23, 2018, pursuant to 22 NYCRR 1240.8(a)(2), which the respondent did not challenge. By decision and order on application dated July 24, 2018, the issues raised were referred to the Honorable Lance D. Clarke, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 17, 1996, under the name David Adam Gabay.



Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated February 1, 2018, containing six charges of professional misconduct, arising from his representation of two clients. After a preliminary conference on November 20, 2018, and a hearing held on January 24, 2019, and April 4, 2019, the Special Referee issued a report dated September 10, 2019, that sustained charges one, two, four, five, and six, and did not sustain charge three. The petitioner now moves to confirm the report of the Special Referee insofar as it sustained charges one, two, four, five, and six, and to disaffirm the report of the Special Referee insofar as it did not sustain charge three. The respondent does not oppose the Committee's motion with respect to the findings of the Special Referee, but requests that the Court impose discipline in the form of a public censure. In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained charges one, two, four, five, and six, and those charges are sustained. However, we find that the Special Referee improperly declined to sustain charge three, and charge three is sustained.
The Petition
Charge one alleges that the respondent failed to act with reasonable diligence and promptness in representing a client, in violation of rule 1.3(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about April 2014, the respondent was retained by Lynete Daleo in [*2]relation to an application to the New York State Liquor Authority (hereinafter the SLA) to obtain a liquor license for her restaurant. The respondent commenced work on the SLA application on or about May 1, 2014, by filing the first of the required documents, but he did not complete the application until in or about December 2014 and did not mail the complete application until January 2, 2015.
In or about March 2015, the SLA issued Daleo a temporary license and conditional approval of the application. In order to become final, however, four conditions had to be met within six months: the submission of a newspaper affidavit; a certificate of authority, also known as a sales tax certificate; a maximum occupancy certificate; and a copy of a signed bond. As part of his representation of Daleo, the respondent agreed to satisfy three of the conditions. On or about May 15, 2015, the respondent submitted a newspaper affidavit and a signed bond to the SLA. By email on the same date, the respondent advised Daleo that he would obtain the maximum occupancy certificate. The respondent and Daleo agreed that she would obtain the sales tax certificate. Thereafter, the respondent failed to obtain the maximum occupancy certificate on behalf of Daleo. Between May 2015 and September 2015, the respondent failed to communicate with Daleo regarding the status of the SLA application and to inquire whether she had obtained the required sales tax certificate.
In or about September 2015, the SLA application was denied for failure to submit the maximum occupancy and sales tax certificates. The respondent knew or should have known that the SLA application was denied because the respondent was advised in the conditional approval letter that the application would be denied if the conditions set forth in the conditional approval letter were not satisfied by September 2015, and those conditions had not been satisfied. The respondent failed to inform Daleo that her SLA application was denied, and failed to complete the work necessary to obtain a permanent liquor license on behalf of Daleo.
Charges two and three allege that, by reason of the factual specifications of charge one, the respondent neglected a legal matter entrusted to him and failed to keep his client reasonably informed about the status of the client's matter, in violation of rule 1.3(b) and 1.4(a)(3) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively.
Charge four alleges that the respondent neglected a legal matter entrusted him, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about January 2014, the respondent was retained by Lora Rosenthal to file an appeal from a judgment of the Supreme Court, Suffolk County. On or about August 27, 2014, the respondent filed a notice of appeal. The respondent had until on or about February 27, 2015, to perfect the appeal. On or about February 26, 2015, the respondent requested an enlargement of time from this Court to perfect the appeal. This request was denied, as the respondent failed to copy the opposing party on the request. After making a second request on or about April 28, 2015, the respondent received an enlargement of time until June 22, 2015, to perfect the appeal. Nevertheless, the respondent failed to perfect the appeal by June 22, 2015, and failed to seek any further enlargement of time. The respondent did not prepare an appellate brief on behalf of Rosenthal.
Charge five alleges that, by reason of the factual specifications of charge four, the
respondent failed to promptly notify his client of material developments in her matter, in violation of rule 1.4(a)(1) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Charge six alleges that, by reason of the factual specifications of charges one through five, the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Findings and Conclusion
Based on the evidence adduced and the respondent's admissions, we agree with the Special Referee's determination to sustain charges one, two, four, five, and six, and those charges are sustained. However, we find that the Special Referee should have sustained charge three, and charge three is sustained. Accordingly, the petitioner's motion to confirm in part, and disaffirm in part, the Special Referee's report is granted.
The respondent argues that a public censure is the proper measure of discipline under the circumstances, noting, in mitigation, health problems suffered at the time of the alleged misconduct, as well as his cooperation with the Grievance Committee and corrective steps taken with regard to his practice in order to avoid future instances of client neglect. However, we have considered as an aggravating factor the respondent's extensive prior disciplinary history, including four letters of caution and eight admonitions, which, among other things, reflect his repeated failure [*3]to devote the proper diligence to his clients' legal matters.
Under the totality of the circumstances, including the respondent's extensive disciplinary history, we find that the respondent's conduct warrants his suspension from the practice of law for a period of one year (see Matter of Singer, 137 AD3d 81).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the petitioner's motion to confirm in part, and disaffirm in part, the report of the Special Referee is granted; and it is further,
ORDERED that the respondent, David A. Gabay, admitted as David Adam Gabay, is suspended from the practice of law for a period of one year, commencing August 7, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 7, 2021. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law; (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a); and (4) otherwise properly conducted himself; and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, David A. Gabay, admitted as David Adam Gabay, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, David A. Gabay, admitted as David Adam Gabay, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court