Matter of Gabay (2023 NY Slip Op 02311)

Matter of Gabay

2023 NY Slip Op 02311

Decided on May 3, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
BETSY BARROS
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.

2022-05351

[*1]In the Matter of David A. Gabay, admitted as David Adam Gabay, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; David A. Gabay, respondent. (Attorney Registration No. 2721744)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 17, 1996. In an unrelated proceeding, by opinion and order of this Court dated July 8, 2020, the respondent was suspended from the practice of law for a period of one year, commencing August 7, 2020, and continuing until further order of this Court (see Matter of Gabay, 185 AD3d 5).

Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On July 11, 2022, the Grievance Committee for the Tenth Judicial District personally served the respondent, by physical delivery to the respondent, a notice of petition and a verified petition, both dated July 7, 2022, and duly filed those papers with this Court together with an affidavit of service. The petition contains six charges of professional misconduct, alleging that the respondent, prior to his suspension, misappropriated funds entrusted to him as a fiduciary; failed to deposit funds entrusted to him incident to the practice of law into a special account, separate from any business or personal accounts; commingled personal funds with funds entrusted to him as a fiduciary; failed to maintain a record of all deposits and withdrawals in a bank account that concerns or affects the respondent's practice of law; engaged in conduct prejudicial to the administration of justice; and engaged in conduct that adversely reflects on his fitness as a lawyer—in violation of rules 1.15(a) (two counts), (b)(1), and (d)(1), and 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served upon the respondent on August 11, 2022, by mail and email, he has neither opposed the instant motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified [*2]petition are deemed established, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, BARROS, CONNOLLY and GENOVESI, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to deem the charges in the verified petition dated July 7, 2022, established based upon the default of the respondent, David A. Gabay, admitted as David Adam Gabay, is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, David A. Gabay, admitted as David Adam Gabay, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, David A. Gabay, admitted as David Adam Gabay, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, David A. Gabay, admitted as David Adam Gabay, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, David A. Gabay, admitted as David Adam Gabay, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court