Matter of Mulhearn (2025 NY Slip Op 05086)

Matter of Mulhearn

2025 NY Slip Op 05086

Decided on September 24, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.

2023-10162

[*1]In the Matter of Kevin Thomas Mulhearn, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Kevin Thomas Mulhearn, respondent. (Attorney Registration No. 2429801)

JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Ninth Judicial District and the respondent, Kevin Thomas Mulhearn, for discipline by consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on July 23, 1991.

Courtny Osterling, White Plains, NY (Anthony R. Wynne of counsel), for petitioner.
Richard E. Grayson, White Plains, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Ninth Judicial District commenced a disciplinary proceeding on October 30, 2023, by serving on the respondent, and filing with the Court, a notice of petition and verified petition, both dated October 26, 2023, containing four charges of professional misconduct. The respondent served and filed a verified answer dated November 29, 2023. By decision and order on application dated February 2, 2024, the Court, pursuant to 22 NYCRR 1240.8(b)(1), referred the matter to Norma Giffords, as Special Referee, to hear and report.
The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent and request the imposition of public discipline within the range of a public censure to a one-year suspension for the misconduct outlined in the petition. Pursuant to 22 NYCRR 1240.8(a)(5)(i), the parties submitted a joint affirmation in support of the motion. In addition, the respondent has submitted an affidavit sworn to on November 8, 2024. Based on the stipulation of facts presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute.
On or about December 4, 2019, Gaston D. Veintimilla filed a voluntary Chapter 7 bankruptcy petition in a proceeding entitled "In re Gaston D. Veintimilla," Case No.19-24102 SHL (hereinafter the bankruptcy proceeding), in the United States Bankruptcy Court, Southern District of New York (hereinafter the bankruptcy court).
On or about March 12, 2021, Mark S. Tulis, the Chapter 7 Trustee appointed as part of the bankruptcy proceeding (hereinafter the Trustee), filed an application in the bankruptcy court seeking authorization to retain the respondent as special counsel for the Trustee to pursue a potential personal injury claim on behalf of Veintimilla. By order dated April 19, 2021, the bankruptcy court granted the Trustee's application (hereinafter the retention order).
On or about August 6, 2021, the respondent filed a summons and complaint in the Supreme Court, Rockland County, on behalf of the Trustee with respect to Veintimilla's personal injury claim in an action entitled "Veintimilla v Weber-Stephen Product, LLC," Index No. 34733/21. [*2]On or about October 12, 2022, the court posted a court notice to NYSCEF directing the parties to appear for a preliminary conference on November 21, 2022. On November 21, 2022, the respondent failed to appear at the preliminary conference and did not request an adjournment of the scheduled preliminary conference or otherwise communicate with the court about his nonappearance. By order dated November 21, 2022, the court directed dismissal of the action without prejudice pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.27(c) based upon the respondent's failure to appear at the preliminary conference.
Among other things, the retention order provided that the respondent "shall make a written report to the Trustee as to the status of the possible litigation claim and any litigation thereof every three (3) months, with a copy to the United States Trustee." Notwithstanding this directive, for approximately 1½ years following the entry of the retention order, the respondent failed to provide written status updates to the Trustee, despite repeated requests by the Trustee for the respondent to do so, and failed to file copies of same with the United States Trustee. On or about October 6, 2022, the Trustee filed a motion in the bankruptcy court pursuant to 11 USC § 327 of the Bankruptcy Code to authorize and approve the termination of the respondent as special counsel for the Trustee based upon the respondent's failure to provide written status updates as required. The respondent never filed an answer to the motion, never communicated with the Trustee about the motion, and never appeared or otherwise advised the bankruptcy court of his nonappearance on the motion. By order dated December 1, 2022, the bankruptcy court granted the Trustee's motion and the respondent was removed as special counsel and denied any compensation for his services or for reimbursement of his expenses pursuant to 11 USC § 330 or § 331.
As required by 22 NYCRR 1240.8(a)(5)(iii), the respondent has submitted an affidavit with this motion in which he conditionally admits the foregoing facts and that those facts establish that he (1) neglected a legal matter entrusted to him in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR § 1200.0), (2) failed to keep his client reasonably informed about the status of the matter in violation of rule 1.4(a)(3) of the Rules of Professional Conduct, (3) failed to promptly comply with his client's reasonable requests for information in violation of rule 1.4(a)(4) of the Rules of Professional Conduct, (4) engaged in conduct prejudicial to the administration of justice in violation of rule 8.4(d) of the Rules of Professional Conduct, and (5) engaged in conduct adversely reflecting on his fitness as a lawyer in violation of rule 8.4(h) of the Rules of Professional Conduct.
The respondent consents to the agreed-upon public discipline within the range of a public censure to a one-year suspension, which consent is given fully and voluntarily without coercion or duress. The respondent states that he is fully aware of the consequences of consenting to such discipline.
The parties submit that the Court should consider, in aggravation, the respondent's prior disciplinary history, which consists of five Admonitions, one personally delivered, two Letters of Advisement, and two Letters of Caution, many of which are for similar conduct as occurred here.
In mitigation, the parties submit that the Court should consider the respondent's cooperation with the Grievance Committee, the respondent's acknowledgment of his mistakes, and his remorse. Moreover, the respondent asserts that this Court should consider that the nature of his practice involves representing vulnerable individuals, which will put their cases at risk if he is suspended for an extended period of time.
As to the appropriate sanction, the parties contend that public discipline within the
range of a public censure to a one-year suspension is in accord with this Court's precedent under similar circumstances.
Based on the foregoing, we find that the joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted and that a one-year suspension is warranted in view of the totality of the circumstances, including the respondent's admitted misconduct as well as the aggravating and mitigating factors presented herein (see Matter of Gabay, 185 AD3d 5).
LASALLE, P.J., DILLON, DUFFY, BARROS and WOOTEN, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted; and it is further,
ORDERED that the respondent, Kevin Thomas Mulhearn, is suspended from the practice of law for a period of one year, commencing October 24, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 24, 2026. In such application (see id. § 1240.16), the respondent shall furnish satisfactory proof that, during the [*3]period of suspension, he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Kevin Thomas Mulhearn, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id.); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Kevin Thomas Mulhearn, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Kevin Thomas Mulhearn, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court