[793 NYS2d 521]

In the Matter of ROBERT A. SCHER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 25, 2005

APPEARANCES OF COUNSEL

*Faith Lorenzo*, Hauppauge (*Catherine A. Sheridan* of counsel), for petitioner.

*Robert A. Scher*, Great Neck, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition, dated April 8, 2004, containing two charges of professional misconduct, as amended by a stipulation dated July 21, 2004. Following a hearing on July 21, 2004, Special Referee Affatato sustained both charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court may deem just and proper. In an affidavit in response to the petitioner's motion, the respondent consents to confirmation of the Special Referee's report and requests that the Court be lenient in imposing discipline.

Charge One alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

On or about November 3, 1993, the respondent was retained to represent the plaintiffs in an action then pending in the Supreme Court, New York County, entitled *Nevets C.M., Inc. v Nissho Iwai Am. Corp.* The plaintiff Steven I. Marcus was the president of the plaintiffs Nevets C.M. Inc., and Top 50 Videos, Inc. The plaintiff Melvin H. Parker was the president of the plaintiff Larry & Sheila T.V. Corp. When the respondent was retained, a summons and complaint had already been filed for the plaintiffs by their prior attorney, which asserted causes of action, inter alia, to recover damages for breach of contract. At the time of his retainer, the respondent and his clients agreed that he would prepare and serve an amended complaint. The respondent failed to do so until approximately April 2, 1999.

Beginning on or about April 2, 1999, the respondent entered into a series of stipulations with the defendants' counsel to extend the defendants' time to answer the amended complaint. By letters dated January 28, 2000, and March 21, 2000, Marcus directed the respondent to continue representing him, to proceed expeditiously, and to cease agreeing to extensions of time for the defendants to answer without his prior approval. By letters dated July 11, 2000, and October 5, 2000, Marcus advised the respondent that he would not consent to the respondent's withdrawal from the case, that he should proceed with the litigation, or petition the court for leave to withdraw.

Although the respondent received the aforesaid letters, he continued to agree to extend the time for the defendants to answer the complaint, without prior approval, through on or about August 15, 2002. The respondent did not petition the court to be relieved as counsel until approximately July 25, 2002. By order of the Supreme Court, New York County, dated August 15, 2002, the respondent was relieved as attorney for the plaintiffs.

Charge Two alleges that the respondent failed to cooperate with the Grievance Committee in its investigation of the complaint, thereby engaging in conduct prejudicial to the administration of justice and conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated January 9, 2001, the petitioner notified the respondent of a complaint against him by Steven I. Marcus and directed him to submit a written answer within 15 days of his receipt of the letter. Although the respondent received the letter, he failed to comply within the time requested.

By letter dated February 7, 2001, the petitioner requested the respondent's answer within 10 days of his receipt of the letter, and advised him that his failure to cooperate with its investigation may constitute professional misconduct. The respondent submitted his answer to the complaint on or about February 20, 2001.

By letter dated July 2, 2001, the petitioner requested that the respondent provide supplemental information in connection with the complaint within 10 days of his receipt of the letter. Although the respondent received that letter, he failed to submit his response within the time requested.

By letter dated October 15, 2001, the petitioner sent the respondent a copy of the letter dated July 2, 2001, requesting that he provide supplemental information within 10 days, and reminded him that his failure to cooperate could subject him to possible disciplinary sanctions. Although the respondent received that letter, he failed to submit his response within the time requested.

By letter dated November 26, 2001, the petitioner advised the respondent that if he failed to provide the requested information within 10 days, a motion for his suspension from the practice of law would ensue. On or about December 6, 2001, the

respondent submitted the requested supplemental information to the petitioner.

By letter dated February 1, 2002, the petitioner requested that the respondent contact it to schedule a conference to discuss the matter and to review his file. Although the respondent received that letter, he failed to contact the petitioner to schedule a conference.

By letter dated March 8, 2002, the petitioner advised the respondent that this was its second attempt to schedule a conference, requested him to contact it, and that his failure to cooperate could constitute professional misconduct independent of the merits of the underlying complaint. Although the respondent received that letter, he did not contact the petitioner to schedule a conference.

By letter dated April 5, 2002, the petitioner demanded that the respondent appear at its office on April 26, 2002, and advised him that if he failed to comply, remedial action would be pursued to compel his cooperation. The respondent appeared for the conference on April 26, 2002.

In view of the respondent's admissions, and the evidence adduced, the Special Referee properly sustained both charges. The motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to take into consideration his expressed remorse, his record of public service, and the numerous charitable activities with which he has been involved.

The petitioner notes that the respondent's disciplinary history is extensive. He received letters of admonition dated November 27, 1991, and November 15, 1996, for neglect and/or making intentional misrepresentations to a client. On January 8, 1998, the respondent was issued a letter of caution advising him not to use nonrefundable retainer agreements and to either obey judicial orders to the letter or challenge them via appropriate legal means. On October 21, 1998, the petitioner issued another letter of admonition to the respondent for neglect and failure to cooperate. The petitioner therein advised the respondent that any future significant findings of neglect or failure to cooperate would be considered the basis for a disciplinary proceeding.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and COZIER, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Robert A. Scher, is suspended from the practice of law for a period of one year, commencing May 25, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert A. Scher, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Robert A. Scher, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).