Matter of Vasti (2021 NY Slip Op 01055)





Matter of Vasti


2021 NY Slip Op 01055


Decided on February 17, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2019-01488

[*1]In the Matter of Thomas F. Vasti III, admitted as Thomas Francis Vasti III, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Thomas F. Vasti III, respondent. (Attorney Registration No. 2452092)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The Grievance Committee served and filed a notice of petition dated February 14, 2019, and a verified petition dated February 4, 2019, and the respondent served and filed a verified answer dated April 11, 2019. Subsequently, the Grievance Committee filed a stipulation of disputed and undisputed facts, to which the respondent filed a response on May 22, 2019. By decision and order on application of the respondent, dated June 27, 2019, the issues raised were referred to Kevin J. Plunkett, Esq., as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 15, 1992, under the name Thomas Francis Vasti III.



Gary L. Casella, White Plains, NY (Matthew Lee-Renert of counsel), for petitioner.
Richard M. Maltz, New York, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Ninth Judicial District (hereinafter the petitioner) served the respondent with a verified petition dated February 14, 2019, containing nine charges of professional misconduct. By virtue of his verified answer, dated April 11, 2019, the respondent largely admitted the factual specifications underlying the charges and requested the matter be referred to a Special Referee for a hearing on mitigation. After a hearing on October 29, 2019, the Special Referee submitted a report dated March 24, 2020, in which he sustained all charges. The petitioner now moves for an order confirming the findings of the Special Referee's report and imposing such discipline upon the respondent as the Court deems just and proper. The respondent's counsel has submitted an affirmation in response, dated June 29, 2020, together with a Memorandum of Law, in which he does not oppose the findings of the Special Referee that sustained the charges, and requests the Court, in view of the mitigating circumstances presented, impose a public censure.
The Petition
The respondent was retained by Amanda Mandes and Rafiq Akbar to pursue a wrongful death and medical malpractice claim related to the death of their child, which occurred shortly after the child's birth. In 2012, the respondent commenced an action on behalf of Mandes and Akbar in the Supreme Court, Dutchess County, against various individuals. Following the matter being scheduled for trial, the respective defendants, in or about April 2016, filed motions for [*2]summary judgment. By decision and order dated June 27, 2016, the court granted the defendants' respective motions, directed dismissal of the plaintiffs' complaint, and cancelled the scheduled trial.
The respondent, however, knowingly failed to advise Mandes and Akbar of these material developments in their case, which included the defendants' filing and service of the summary judgment motions; an adverse expert opinion received by the respondent; an opinion offered by the respondent's prospective expert witness with whom the respondent consulted in or about April 2016, that the evidence in the record would not support the successful opposition of the defendants' motions for summary judgment; the respondent's decision not to file opposition to the summary judgment motions; and the Supreme Court's decision and order directing dismissal of their complaint.
During the period following the dismissal of the complaint, Mandes and Akbar made multiple attempts to contact the respondent regarding the status of the case. Although the respondent knew of these attempts, he failed to promptly contact them. Moreover, during telephone conversations with Mandes in or about January 2017 and April 2017, as well as during an in-person conversation with Akbar at the respondent's office in or about March 2017, the respondent falsely advised his clients that he had voluntarily withdrawn their action from the Supreme Court's trial calendar and that he would take steps to have the action restored to the trial calendar. Ultimately, Mandes and Akbar did not learn of one or more of the foregoing developments until the submission of the respondent's May 14, 2018 answer to their grievance complaint.
Based on the foregoing, charges one through six allege that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0); failed to promptly inform his clients of a material development in the clients' matter, in violation of rule 1.4(a)(1)(iii); failed to keep his clients reasonably informed about the status of their matter, in violation of rule l.4(a)(3); failed to reasonably consult with his clients about the means by which the clients' objectives are to be accomplished, in violation of rule 1.4(a)(2); exceeded his authority in his clients' matter, in violation of rule 1.2(a); and failed to promptly comply with his clients' reasonable requests for information, in violation of rule 1.4(a)(4).
Charge seven alleges that the respondent's prospective legal fee in the Mandes and Akbar matter was contingent upon the receipt of a financial recovery for his clients and was to be structured pursuant to the provisions of Judiciary Law § 474-a, and as such, he was required to promptly provide his clients with a writing stating the method by which his fee would be determined. In failing to do so, the respondent is alleged to have violated rule 1.5(c) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Charge eight alleges that the respondent failed to file the written retainer statement with the Office of Court Administration as required by section 691.20(a)(1) of the Rules of the Appellate Division, Second Department (22 NYCRR § 691.20[a][1]), after reaching the contingent fee agreement in this matter, and as such engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Charge nine alleges that the respondent engaged in conduct prejudicial to the administration of justice and conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively, by failing to cooperate with the lawful investigation of the Grievance Committee, as follows:
By first-class, regular mail sent to the respondent's office, on or about February 15, 2018, the petitioner sent the respondent a copy of the complaint filed by Mandes and Akbar and requested that he provide a written answer to such within 10 days of receipt. The respondent did not submit an answer nor request any extension of time to do so. A second request for the respondent's answer was made by the petitioner by letter dated March 9, 2018, sent to the respondent's office by certified mail. The respondent did not submit an answer nor request an extension of time to answer.
Thereafter, the petitioner served the respondent with a judicial subpoena and judicial subpoena duces tecum, directing, inter alia, his appearance for an examination under oath on May 15, 2018. The respondent did not submit his written answer to the complaint filed by Mandes and Akbar until he hand-delivered it to the petitioner at his appearance for his examination under oath on May 15, 2018.
Hearing Evidence
As to charges one through six, the respondent testified that, after being retained by [*3]Mandes and Akbar, and following a preliminary review of the case by a medical expert, he filed a summons with notice on behalf of his clients in the Supreme Court, Dutchess County, on August 8, 2012. However, the respondent testified that after conducting depositions of the OB/GYN and maternity nurse involved in the birth of his clients' child, he came to the conclusion that Mandes and Akbar did not have a viable case. Thereafter, the defendants in the action moved for summary judgment.
The respondent testified that he did not file opposition papers to the defendants' motions, that it was a conscious decision not to do so, and that as result, the motions were granted and his clients' case was dismissed. The respondent further admitted that he never informed his clients that the defendants had filed summary judgment motions, did not inform the clients of his choice not to oppose the motions, and as such, did not inform them that his failure to do so would result in dismissal, and did not inform them after the complaint was, in fact, dismissed. Instead, the respondent testified that he purposely deceived his clients, telling them the matter was taken off the Supreme Court's trial calendar at his request. Additionally, the respondent indicated that in a meeting with Akbar, and in two subsequent phone calls with Akbar and Mandes, he informed them their case was still viable, that he was going to acquire a second opinion, and that when he made those statements that he knew them to be untrue.
As to charges seven and eight, the respondent explained that his regular practice in medical malpractice cases is to have his clients execute an "investigative agreement." Following the initial investigation, if the client's case was considered viable, a "medical malpractice fee agreement" would then be executed. The respondent, however, testified that although Mandes and Akbar did execute an investigative agreement, no subsequent medical malpractice fee agreement was executed despite him being retained.
As to charge nine, the respondent testified that although he received the February 15, 2018 and March 9, 2018 letters from the petitioner informing him of the complaint filed by Mandes and Akbar, he failed to respond or request additional time to do so, and further, although he did ultimately file an answer to the grievance complaint, he did so only after being served with the judicial subpoena.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline, the respondent's counsel requests the Court issue a public censure, in view of the mitigation presented, including, inter alia, his personal struggles; his remorse; lack of venality; and evidence of the respondent's good character, charitable works, and civic activity.
In this case, although the charges of misconduct involve only one client matter, the respondent made multiple troubling decisions. After receiving an adverse opinion from his medical expert, one which the respondent believed was fatal to the Mandes-Akbar claim, he inexplicably chose not to relay this information to his clients. Thereafter, the respondent chose not to inform his clients that the defendants had filed summary judgment motions; that he would not file papers in opposition; and that as a result, dismissal ensued. By failing to inform his clients of the material developments of the case, the respondent deprived his clients of the opportunity to consult with a different medical expert and/or different attorney. Moreover, the respondent took affirmative and deliberate steps to hide material developments from his clients by failing to respond to multiple inquiries from them and by knowingly deceiving them about the status of their case in his discussions with them. In fact, Mandes and Akbar did not learn the details surrounding their case until they received a copy of the respondent's May 14, 2018 answer to their grievance complaint, despite the action having been dismissed almost two years earlier. Additionally, upon investigation by the petitioner, the respondent failed to respond until compelled by a judicial subpoena.
Further, the Court finds that the respondent's extensive disciplinary history, consisting of three Admonitions and four Letters of Caution, involving similar misconduct, is a substantial aggravating factor.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of one year (see Matter of Singer, 137 AD3d 81; Matter of Scher, 18 AD3d 57).
MASTRO, A.P.J., RIVERA, CHAMBERS, AUSTIN and MILLER, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Thomas F. Vasti III, admitted as Thomas Francis Vasti III, is suspended from the practice of law for a period of one year, commencing March 19, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 19, 2021. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Thomas F. Vasti III, admitted as Thomas Francis Vasti III, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Thomas F. Vasti III, admitted as Thomas Francis Vasti III, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Thomas F. Vasti III, admitted as Thomas Francis Vasti III, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court